The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Margaret Morgan and the briefs and oral arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
Before the Full Commission, plaintiff moved for the award of attorney's fees pursuant to G.S. § 97-88. The determination of whether to award fees under this section of the Act is discretionary. After careful consideration, Plaintiff's Motion for Attorney's fees under G.S. § 97-88 is hereby DENIED.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 19 November 1996 as:
 STIPULATIONS
1. An employee-employer relationship existed between plaintiff and defendant-employer.
2. Anthem Casualty Insurance Company was the workers' compensation insurance carrier for defendant-employer during the period that the employment relationship existed.
3. The parties were subject to the North Carolina Workers' Compensation Act at relevant times.
4. The average weekly wage should be determined by the Form 22 submitted at the hearing.
 ***********
The Full Commission adopts the findings of facts found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff, age thirty-five at the time of the hearing, worked for defendant-employer as a cook for seventeen years.
2. On 22 March 1996, around 9:30 p.m., after the restaurant had closed, plaintiff was going out of the back door of the kitchen to talk with Stan Dunlap, another employee who was outside cleaning pots, when plaintiff slipped and fell. Mr. Dunlap laughed at first, until he realized that plaintiff appeared to be in pain, and then he helped plaintiff up. Mr. Dunlap walked with plaintiff inside, and plaintiff reported the fall to Rick Stephens, the owner of defendant-employer restaurant.
3. Plaintiff's left shoulder began hurting that evening. Plaintiff continued to work for defendant-employer, but his left shoulder continued to bother him over the next couple of months, and he had problems lifting heavy pots.
4. On 29 May 1996, plaintiff visited his family doctor, Dr. Stephen S. Ruehle, complaining of chest, neck and left shoulder pain. Dr. Ruehle ordered several tests and saw plaintiff again on 6 June 1996, at which time plaintiff complained of left shoulder pain down to his elbow. Dr. Ruehle noted pain upon rotation of plaintiff's neck and ordered additional conservative treatment. Plaintiff returned to Dr. Ruehle on 13 June 1996 with the same complaints, at which time Dr. Ruehle ordered x-rays of plaintiff's neck. The x-rays showed narrowing at the C5-6 and C6-7 vertebral levels, which suggested a disc problem. Dr. Ruehle changed plaintiff's medication and ordered a CAT scan. The CAT scan showed a left disc herniation at C5-6 with C6 nerve compression, central disc at C6-7. Dr. Ruehle then referred plaintiff to Dr. Russell H. Amundson, a neurosurgeon.
5. Plaintiff quit his job with defendant on 20 June 1996.
6. Dr. Amundson first saw plaintiff on 24 June 1996. After a physical examination and review of the x-rays and CAT scan, Dr. Amundson felt that plaintiff would need surgery. He ordered an MRI, which noted disc disease at four levels in plaintiff's cervical spine — C3-4, C4-5, C5-6 and C6-7. The C5-6 and C6-7 levels were the most significant in that they caused compression of the spinal cord. Dr. Amundson took plaintiff out of work.
7. Dr. Amundson operated on plaintiff on 3 July 1997, performing a three level anterior microdiscectomy with fusion and application of a Synthes plate system. Dr. Amundson determined that two of the discs upon which he operated showed evidence of acute herniation, C4-5 and C5-6, but that the changes at C6-7 appeared to be somewhat chronic. Dr. Amundson testified that it is a high likelihood that the two disc herniations were related to his work-related injury.
8. Plaintiff's surgery was successful, and Dr. Amundson released him to light duty work on 27 August 1996, indicating that plaintiff should work approximately four hours his first week back at work, six hours the next week and eight hours the next week. He imposed lifting restrictions of fifteen pounds.
9. When plaintiff returned to Dr. Amundson on 26 September 1996, he told Dr. Amundson that he was working at a restaurant full-time. At that time, plaintiff had no complaints of arm pain, numbness or weakness. He had good muscle strength, and only a little stiffness in his neck.
10. Plaintiff last saw Dr. Amundson on 28 October 1996. At that time, Dr. Amundson rated him as having a twenty percent permanent partial impairment of his spine.
11. On 22 March 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he slipped and fell, resulting in herniated discs at C4-5 and C6-7 vertebral levels.
12. As a result of this injury by accident, he was incapable of earning any wages with defendant-employer or in any employment from 24 June 1996 until 27 August 1996.
13. Plaintiff reached maximum medical improvement on 28 October 1996, with a twenty percent permanent partial impairment to his back as a result of the injury by accident.
14. Plaintiff's average weekly wage at the time of the accident was $361.25.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 22 March 1996, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. As a result of the injury by accident, plaintiff was temporarily and totally disabled from 24 June 1996 until 27 August 1996, and is entitled to temporary total disability compensation at the rate of $240.84 for that period. G.S. § 97-29.
3. As a result of the injury by accident, plaintiff sustained a twenty percent permanent partial disability to his back and is therefore entitled to compensation at the rate of $240.84 for sixty weeks. G.S. § 97-31(23).
4. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. G.S. § 97-2(19); G.S. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff at the rate of $240.84 for the period of 24 June 1996 until 27 August 1996. This compensation has accrued and shall be paid in a lump sum subject to the attorney fees herein after approved.
2. Defendants shall pay compensation to plaintiff at the rate of $240.84 per week for sixty weeks for his permanent partial disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney fees herein after approved.
3. Defendants shall pay all authorized medical expenses incurred by plaintiff as a result of this injury by accident.
4. An attorney fee in the amount of twenty-five percent of the compensation due to plaintiff as set forth herein is approved for plaintiff's attorney and shall be deducted from the amount due to plaintiff and paid directly to plaintiff's attorney by defendants.
5. Defendants shall pay the costs.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ______________ DIANNE C. SELLERS COMMISSIONER
S/ ______________ THOMAS J. BOLCH COMMISSIONER